IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GINA LEWIS et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-00149-P |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Robert Corey Speed's Motion to Dismiss (ECF No. 4), Plaintiffs Gina Lewis's and Mark Obana's Response (ECF No. 10), and Speed's Reply (ECF No. 14). Relatedly before the Court is Plaintiffs' Motion to Remand (ECF No. 12) and Defendants Safeco Insurance Company of Indiana's and Speed's Response (ECF No. 16). Having considered the Motion to Dismiss, related briefing, and the applicable law, as well as the Motion to Remand, briefing, and applicable law, the Court finds that the Motion to Dismiss should be and is hereby **GRANTED**. Accordingly, Plaintiffs' claims against Speed are **DISMISSED**, and Plaintiffs' Motion to Remand should be and hereby is **DENIED**.

## BACKGROUND

Plaintiffs own a home located at 1013 W. Spring St., Weatherford, Texas 76086 ("Property"). ECF No. 1-3, Orig. Pet. at ¶ 7. Safeco issued a policy to insure the Property in the event of certain losses, and Plaintiffs allege that the Property suffered such losses

due to strong winds, rain, and hail. *Id.* at ¶¶ 8–9. Plaintiffs submitted a claim to Safeco and Speed was assigned as the primary adjuster. *Id.* at ¶¶ 9–10. The parties disagreed on the damages, cost of repairs, and coverage under the policy. *Id.* at ¶¶ 11–23. In a letter dated September 29, 2020, Plaintiffs sent a pre-suit demand letter to Safeco. Nt. of Removal at 2, ECF No. 1-7. In a response letter dated November 27, 2020, Safeco notified Plaintiffs' counsel that Safeco was accepting liability on behalf of Speed pursuant to Section 542A.006 of the Texas Insurance Code. ECF No. 1-6.

Plaintiffs subsequently filed an original petition in Texas state court on December 30, 2020, asserting state-law claims against Speed and Safeco for violations of Section 542 of the Texas Insurance Code, unfair settlement practices, negligence, breach of the duty of good faith and fair dealing, and Plaintiffs also sought a declaratory judgment with respect to the insurance policy. *See* ECF No. 1-3. Although Plaintiffs asserted no federal claims and named Speed as a nondiverse defendant, Defendants removed the case to this Court on the grounds of diversity jurisdiction under 28 U.S.C. § 1446(a). *Id.* Defendants alleged that Speed was improperly joined because Safeco had elected to accept liability as permitted by Section 542A.006 of the Texas Insurance Code. *Id.* The same day Defendants removed the case, Speed filed a motion to dismiss. *See* Motion to Dismiss, ECF No. 4. In his motion, Speed asserts that dismissal is required due to Safeco's election to accept liability on his behalf pursuant to Section 542.A.006. ECF No. 5 at 2–3. Plaintiffs filed a Motion to Remand, asserting that joinder of Speed was not improper. ECF No. 14.

Both motions turn on whether Speed is properly a party to this suit and both motions are ripe for review.[1]

## LEGAL STANDARDS

### A.   Jurisdiction

Title 28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  The statute allows a defendant to remove a state civil action to federal court only if it could originally have been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There is a strong presumption against removal, and "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992).  District courts have original jurisdiction if the parties are diverse or if the case "aris[es] under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331(a); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants."  *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  A removing party can establish federal

---

[1]In their Motion to Remand, Plaintiffs also make a procedural argument that Defendants notice of removal is defective for failing to properly allege the citizenship of the parties.  ECF No. 13 at 4–5.  The Court disagrees and finds that Defendants properly allege that Plaintiffs are citizens of Texas.

jurisdiction based on 28 U.S.C. § 1332 by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *Smallwood*, 385 F.3d at 573.

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Smallwood*, 385 F.3d at 573. The Fifth Circuit requires that courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). Applying these principles, the question for the court becomes whether there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Miller*, 663 F.2d at 550.

**B.      Rule 12(b)(6) Motion to Dismiss**

"[T]he Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible." *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.). Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(e)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." FED. R. CIV. P. 8(e)(2).

If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Boswell*, 138 F. Supp. 2d at 785 (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Id.* (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* "The ultimate question in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff." *Boswell*, 138 F. Supp. 2d at 785 (citing *Lowery v. Texas A & M Univ. Sys.*, 117 F.2d 242, 247 (5th Cir. 1997)).

## ANALYSIS

Under Section 542A.006(a) of the Texas Insurance Code, "[A]n insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). Under Section 542A.006(b), "If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice." *Id.* § 542A.006(b). Thus, "[w]hen an insurer elects to accept liability for an agent and notifies the claimant, the court 'shall dismiss' the claimant's action against the

6

agent." *Electro Grafix, Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR, 2018 WL 3865416, at *4 (W.D. Tex. Aug. 14, 2018).

It is uncontroverted that Safeco sent a letter to Plaintiffs that expressly assumed liability on behalf of Speed under Section 542A.006. ECF No. 1-6. And this election of liability occurred before Plaintiffs filed their original petition. *Compare* id. *with* ECF No. 1-3. Therefore, because at the time of removal—indeed, at the time Plaintiffs filed their original petition—there was no possibility of recovery against Speed, dismissal is proper. *See Electro Grafix Corp.*, 2018 WL 3865416, at *4.

To counter this result, Plaintiffs advance a textualist argument that Section 542A does not apply to this case. *See generally* ECF No. 11. Plaintiffs point to Section 542A.002, which provides "**this chapter applies to an action on a claim** against an insurer or agent, including: (1) an action alleging a breach of contract; (2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty; or (3) an action brought under: (A) Subchapter D, Chapter 541; (B) Subchapter B, Chapter 542; or (C) Subchapter E, Chapter 17, Business & Commerce Code[.]" TEX. INS. CODE § 542A.003(a) (emphasis added); ECF No. 11 at 3. And Plaintiffs further set forth that Section 542A defines "claim" as "a first-party claim that: (A) is made by an insured under an insurance policy providing coverage for real property or improvements to real property; (B) **must be paid by the insurer directly to the insured**; and (C) arises from damage to or loss of covered property caused, wholly or partly, by forces of nature, including an earthquake or earth tremor, a wildfire, a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm." *Id.* § 542A.001(2) (emphasis added). Plaintiffs posit that Section 542A

7

does not apply because this case does not present a "claim" within the definition provided. ECF No. 11 at 3–4.  That is, Plaintiffs argue that because the Property has a mortgage and because the instant policy requires any first-party claim payment be made to both the insured and the mortgage company, any payment would not be paid "directly" to Plaintiffs, so the instant dispute is not a "claim" to which Section 542A applies.  *Id.* at 5.  And because Section 542A does not apply, neither does Safeco's attempted acceptance of liability on behalf of Speed.

In their Motion to Remand, Plaintiffs buttress their textualist argument with an argument based on the case's procedural posture: because Plaintiffs present a question on an unsettled area of Texas law that would require the Court to make an *Erie* guess, the Court must follow the Fifth Circuit's improper-joinder jurisprudence and resolve any ambiguities of state law in favor of remand.  ECF No. 13 at 5–8; *Smallwood*, 385 F.3d at 573; *see also Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (stating that in the context of improper-joinder analysis, "any ambiguities of state law must be resolved in the [plaintiffs'] favor").  That is, Plaintiffs argue for remand because Speed cannot carry his burden to establish the inability of Plaintiffs to establish a cause of action against him in state court.  ECF No. 13 at 6.

Defendants rejoin that Plaintiffs' statutory construction of "claim" "completely contradicts the Texas Legislature's intent in adopting Chapter 542A, ignores the plain meaning of the statute, and would produce absurd results."  ECF No. 16 at 3.  Defendants focus much of their argument on the legislative history before addressing the actual text of Section 542A.001(2).  Defendants rely on MERRIAM-WEBSTER'S DICTIONARY for a

definition of "directly" that includes, "in a direct way: such as (a) from point to point without deviation; by the shortest way (b) from the source without interruption or diversion, or (c) without an intervening agency." *Id.* at 7. Defendants also cite BLACK'S LAW DICTIONARY for the following definition of "direct": "[I]n a straight line or course." *Id.* Utilizing these definitions, Defendants argue that any claim payment check "would be delivered straight to Plaintiffs and would just happen to include an additional payee." *Id.* Thus, payment would still be made directly.

> The Fifth Circuit interprets Texas statutes as follows:
>
> When interpreting a Texas statute, we follow the same rules of construction that a Texas court would apply—and under Texas law the starting point of our analysis is the plain language of the statute. Texas courts aim to determine and give effect to the Legislature's intent when construing a statute. When a statute is clear and unambiguous, Texas courts apply its words according to their common meaning in a way that gives effect to every word, clause, and sentence. If a statute's words are unambiguous and yield a single inescapable interpretation, the judge's inquiry is at an end. When a statute defines a term, the court is bound to construe that term by its statutory definition only. Further, the court should consider a provision in the context of the broader statute because only in the context of the remainder of the statute can the true meaning of a single provision be made clear.

*Health Care Serv. Corp. v. Methodist Hosps. of Dall.*, 814 F.3d 242, 248–49 (5th Cir. 2016) (cleaned up); *see United States v. Palmer*, 16 U.S. (3 Wheat.) 610, 630 (1818) (Marshall, C.J.) ("[W]hen the legislature manifests [its] clear understanding ... with its words, courts are bound by it.").

With respect to the definition of "claim" in Section 542A.001(2), the only dispute is over the requirement that a claim "must be paid by the insurer **directly** to the insured." Specifically, the dispute is whether a claim is paid directly when it is paid by a check that

also includes the insured and a mortgagee as a payee.  Applying the rules of construction that Texas courts would apply and the definitions supplied by Defendants, the undersigned finds the language of the statute to be unambiguous.  Thus, this is not an ambiguous area of Texas law that needs to be resolved in Plaintiffs' favor as part of the Court's analysis. *See Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) (Thomas, J.) ("When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.") (quotations omitted); *Evans v. Jordan*, 8 F. Cas. 872, 873 (C.C. Va. 1813) (Marshall, J.), *aff'd*, 13 U.S. (9 Cranch) 199 (1815) ("[In the legislative branch] is confided, without revision, the power of deciding on the justice as well as wisdom of measures relative to subjects on which they have the constitutional power to act. Wherever, then, their language admits of no doubt, their plain and obvious intent must prevail.").

The undersigned also agrees with Defendants that the instant dispute is a "claim" under the unambiguous, plain meaning of Section 542A.  The fact that a claim payment check would be made out to both the insured and the mortgagee does not mean that the claim is not paid *directly* to Plaintiffs—it is still a payment "from point [insurer] to point [insured] without deviation."  If payment were required to be made out exclusively to the mortgagee or if payment were made to some escrow account, the payment would not be made directly and thus would not qualify as a claim subject to Section 542A.  However, pursuant to the terms of the instant policy, any claim payment check will "be paid to the mortgagee and you, as interests appear."  ECF No. 11-7 at 30.  This qualifies as a payment made directly to the insured.  Thus, the instant claim falls within Section 542A.  Because Safeco has elected to accept liability on behalf of Speed before the original petition was

filed, and Plaintiffs cannot maintain a claim against Speed.  *See Ewell v. Centauri Specialty Ins. Co.*, No. CV H-19-1415, 2019 WL 2502016, at *2 (S.D. Tex. June 17, 2019) ("Here, Centauri gave Plaintiff notice of its Chapter 542A election before Plaintiff filed this lawsuit. Therefore, at the time the lawsuit was filed, Plaintiff had no viable claim against Wiley. Because Wiley was improperly joined at the time the lawsuit was filed, the voluntary-involuntary rule is inapplicable.").

Accordingly, Speed's Motion to Dismiss should be and hereby is **GRANTED.**

Plaintiffs are citizens of Texas and Safeco is a citizen of both Massachusetts and Indiana.  ECF No. 1 at 3.  Because Speed was improperly joined, his citizenship is not considered in the jurisdictional analysis.  There is no dispute that the amount in controversy exceeds $75,000.  Thus, the Court has diversity jurisdiction and removal was proper. Accordingly, Plaintiffs' Motion to Remand is **DENIED.**[2]

## CONCLUSION

In light of the foregoing, the Court concludes that Speed's Motion to Dismiss should be and hereby is **GRANTED**, and Plaintiffs' claims against Speed are **DISMISSED**. Plaintiffs' Motion to Remand should be and hereby is **DENIED.**

---

[2]Although the Motion to Remand is denied, the Court has serious concerns as to whether, as a practical matter, this simple hail-storm insurance coverage case should have been removed to federal court rather than remained in the state court. Certainly, the judges and juries in Parker County, Texas are much more well-equipped to handle this basic dispute in a quick, fair, and efficient manner.  Diversity jurisdiction or not, the clogged dockets of the federal courts should not be the reflexive jurisdiction of choice to resolve every dispute between a homeowner and their insurance company.  As the old-saying goes, "don't make a federal case out of it." *The Free Dictionary by Farlex*,  https://idioms.thefreedictionary.com/don%27t+make+a+federal+case+out+of+  (last visited April 5, 2021); *see* THE FEDERALIST NO. 17 (Alexander Hamilton) (writing as "Publius") (explaining that under the Constitution, "the ordinary administration of criminal and civil justice" would be left to the states).

**SO ORDERED** on this **5th day** of **April, 2021**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE